MORGAN, LEWIS & BOCKIUS LLP
Carrie A. Gonell, Bar No. 257163
Alexander L. Grodan, Bar No. 261374
Joseph A. Govea, Bar No. 319683
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:      +1.714.830.0600
Fax:     +1.714.830.0700
carrie.gonell@morganlewis.com
alexander.grodan@morganlewis.com
joseph.govea@morganlewis.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and JPMorgan Chase & Co.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CRAIG DUKE, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a United States Corporation; JPMORGAN CHASE & CO., a Delaware Corporation; and DOES 1 TO 50,<br><br>Defendants. | Case No. 37-2022-00007805-CU-OE-CTL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: March 1, 2022 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42902509

-2-

ANSWER TO UNVERIFIED COMPLAINT

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and JPMorgan Chase & Co.[1] (collectively "Defendants"), by and through their undersigned counsel, hereby answer the allegations contained in the unverified Complaint ("Complaint") of Plaintiff CRAIG DUKE ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation in the Complaint. Defendants further deny, generally and specifically, that Plaintiff or any other current or former employee whom Plaintiff seeks to represent are entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees, acting in the course and scope of their employment.

## DEFENSES

Defendants also assert the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them and prays for judgment as set forth below:

### FIRST DEFENSE

**(Failure to State a Cause of Action)**

1. The Complaint and each purported cause of action contained therein fail to state facts sufficient to constitute a cause of action.

### SECOND DEFENSE

**(Statute of Limitations)**

2. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part by any and all applicable statutes of limitations, including but not limited to, California Code of Civil Procedure Sections 312, 338, and 340, California Labor Code Section 203, and California Business and Professions Code Section 17208.

---

[1] The Complaint improperly names "JPMorgan Chase & Co." as a co-defendant. JPMorgan Chase & Co. did not employ Plaintiff. Plaintiff was employed by JPMorgan Chase Bank, N.A. Defendants reserve any and all defenses thereto.

**THIRD DEFENSE**

**(Waiver)**

3. The claims of Plaintiff and/or putative class members, or some of them, are barred in whole or in part to the extent such claims have been waived, discharged, abandoned, and/or released, including but not limited to because JPMC relieved Plaintiff and/or putative class members of duty to take meal and rest breaks, but Plaintiff and/or putative class members waived the opportunity to have work-free breaks.

**FOURTH DEFENSE**

**(Unclean Hands)**

4. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part by by unclean hands and/or inequitable or wrongful conduct.

**FIFTH DEFENSE**

**(Consent)**

5. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred to the extent that Plaintiff, or some or all of the putative class members he seeks to represent, consented to any alleged activity or conduct.

**SIXTH DEFENSE**

**(Failure to Mitigate)**

6. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred because they have not appropriately nor adequately mitigated their damages, if any.

**SEVENTH DEFENSE**

**(Avoidable Consequences)**

7. The claims of Plaintiff and members of the putative class alleged in the Complaint are barred, or recovery reduced, because: (a) JPMC took reasonable steps to prevent and correct the conduct alleged inn the Complaint; (b) Plaintiff and members of the putative class unreasonably failed to use the preventative and corrective measures that JPMC provided; and (C)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42902509

- 3 -

ANSWER TO UNVERIFIED COMPLAINT

reasonable use of JPMC's procedures would have prevented at least some of the harm that Plaintiff and members of the putative class allegedly suffered, if any.

### EIGHTH DEFENSE

**(Arbitration)**

8. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, may not be litigated in court because his claims and those of some or all of the individuals he seeks to represent are subject to individual mandatory, final and binding arbitration.

### NINTH DEFENSE

**(Setoff and Recoupment)**

9. To the extent Plaintiff, or any members of the putative class alleged in the Complaint, have sustained any damages, although such is specifically denied, JPMC is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff owed to JPMC against any judgment that may be entered against JPMC.

### TENTH DEFENSE

**(Good Faith Action or Omission/Not Willful)**

10. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred because any alleged acts or omissions by JPMC were not willful and were in good faith. JPMC had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable law.

### ELEVENTH DEFENSE

**(Good Faith Dispute)**

11. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, for penalties for alleged violation of the Labor Code are precluded because there is a good faith dispute as to whether JPMC owes any payments to Plaintiff or to any putative class member.

/ / /

/ / /

**TWELFTH DEFENSE**

**(Substantial Compliance)**

12. Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part because JPMC complied with its statutory obligations, if any, and to the extent it is determined that there was non-compliance, JPMC substantially complied with its obligations and is not liable for Plaintiff's causes of action.

**THIRTEENTH DEFENSE**

**(Improper Remedies)**

13. The claims of Plaintiff and the members of the putative class alleged in the Complaint seek improper remedies that may not be recovered pursuant to Business & Professions Code §§ 17200, *et seq.*

**FOURTEENTH DEFENSE**

**(Attorneys' Fees and Costs Unwarranted)**

14. The Complaint fails to state facts sufficient to support an award of attorneys' fees or costs.

**FIFTEENTH DEFENSE**

**(*De Minimis*)**

15. The Complaint, and each purported cause of action contained therein, are barred in whole or in part by the *de minimis* doctrine.

**SIXTEENTH DEFENSE**

**(No Violation of Underlying State or Federal Law)**

16. Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200, *et seq.*, because they are not liable to Plaintiff or the members of the putative class alleged in the Complaint for any alleged violation of any underlying state or federal laws.

/ / /

/ / /

/ / /

**SEVENTEENTH DEFENSE**

**(No Right to Reimbursement for Expenses)**

17. The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred to the extent Plaintiff and putative class members did not necessarily incur "expenditures and losses" as defined under California Labor Code Section 2802.

**EIGHTEENTH DEFENSE**

**(Conditions Precedent)**

18. The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred to the extent Plaintiff and putative class members failed to perform the conditions necessary to give rise to any obligation for the payment of any expenses alleged in the Complaint.

**NINETEENTH DEFENSE**

**(Preemption)**

19. The claims of Plaintiff and each member of the putative class alleged in the Complaint under Business & Professions Code Section 17200 *et seq.* are barred to the extent they are preempted by the federal National Bank Act.

**TWENTIETH DEFENSE**

**(No Private Right of Action)**

20. The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred to the extent Plaintiff seeks to bring direct claims under Labor Code provisions for which there is no private right of action, including but not limited to Labor Code § 204.

**TWENTY-FIRST DEFENSE**

**(Excuse)**

21. The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part because at all times and events alleged in the Complaint, JPMC performed and discharged each and every obligation, if any, owed to

Plaintiff except such obligations as JPMC was excused from performing as a result of the conduct and failure to properly perform obligations by Plaintiff.

### TWENTY-SECOND DEFENSE

**(Additional Defenses)**

22. Defendants reserve the right to assert additional defenses or affirmative defenses as established by the facts of the case.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff and the putative class members take nothing by this Complaint;

2. That the Complaint herein be dismissed in its entirety with prejudice;

3. That judgment be entered against Plaintiff and in favor of Defendants;

4. That Defendants be awarded their costs of suit incurred herein;

5. That Defendants be awarded their reasonable attorneys' fees incurred by this action to the extent entitled under applicable law; and

6. That the Court grant such other and further relief as it deems just and proper.

Dated: March 31, 2022

MORGAN, LEWIS & BOCKIUS LLP

By /s/Carrie A. Gonell
Carrie A. Gonell
Alexander L. Grodan
Joseph A. Govea
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
JPMORGAN CHASE & CO.

# PROOF OF SERVICE

*Duke v. JPMorgan Chase Bank, N.A.*
San Diego Superior Court Case No. 37-2022-00007805

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, California 92626.

On March 31, 2022, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

[ X ]   **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **BY ELECTRONIC SERVICE (ONELEGAL):**  by transmitting via e-mail or electronic transmission pdf document(s) listed above to the person(s) at the e-mail address(es) set forth below on March 31, 2022 through the Court's service provider, OneLegal.  The transmission was reported as complete and without error.  My e-mail address is patricia.martin@morganlewis.com.

| | |
|---|---|
| *Attorneys for Plaintiff CRAIG DUKE*<br><br>**MELMED LAW GROUP, P.C.**<br>Jonathan Melmed<br>1801 Century Park East, Suite 850<br>Los Angeles, CA 90067<br>Tel: (310) 824.3828<br>Fax: (310) 862-6851<br>jm@melmedlaw.com | |

[ X ]   **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on March 31, 2022, at Costa Mesa, California.

*Patricia Martin* (signature)
Patricia Martin